**Electronically Filed
Intermediate Court of Appeals
29926
16-MAR-2011
08:24 AM**

NO. 29926

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ADAM I. IKEDA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Case No. 1DTC-09-047483)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise, J.;
and Reifurth, J., dissenting.)


Defendant-Appellant Adam I. Ikeda ("Ikeda") appeals from the Order and Notice of Entry of Order ("Judgment"), filed on June 5, 2009, in the District Court of the First Circuit ("District Court").[1]  Ikeda was found guilty of Operating a Vehicle after License and Privilege have been Suspended or Revoked for Operating a Vehicle under the Influence of an Intoxicant ("OVLPSR-OVUII"), in violation of Hawaii Revised Statutes (HRS) § 291E-62 (2007).

On appeal, Ikeda contends that the District Court erred by: (1) admitting into evidence a letter dated June 5, 2009 from the City and County of Honolulu, Division of Motor Vehicle, Licensing and Permits ("Exhibit 1"); (2) admitting into evidence

---

[1] The Honorable William Cardwell presided.

a certified copy of his traffic abstract ("Abstract"); (3) admitting into evidence a copy of a Notice of Administrative Revocation dated February 18, 2008 ("Notice"); and (4) finding him guilty because there was insufficient evidence to show that he acted with a reckless state of mind.

I.

We resolve Ikeda's points of error as follows:

A.

Plaintiff-Appellee State of Hawaiʻi ("State") concedes that Exhibit 1 was not properly admitted into evidence pursuant to Hawaii Rules of Evidence (HRE) Rule 902(4) (Supp. 2010). We agree that Exhibit 1 was improperly admitted. However, we conclude that the admission of Exhibit 1 was harmless because it was merely cumulative of other properly admitted evidence.

B.

The District Court did not err in admitting Ikeda's Abstract into evidence.[2/] The Abstract was properly admitted as a certified copy of a public record. HRE Rule 902(4); see HRS § 287-3 (2007). Contrary to the suggestion of Ikeda's counsel, who asserts that she "was unable to discern any seal in the scanned exhibit," the Abstract was properly certified as required by HRE Rule 902(4).

C.

The District Court did not err by admitting the Notice into evidence. Ikeda's claim that the Notice was inadmissible because it was not relevant is without merit. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." HRE Rule 401 (1993).

The Notice was relevant to showing that Ikeda acted recklessly on March 6, 2009, when he drove his vehicle after his

---

[2/] In admitting the Abstract, the District Court stated that it would only consider the evidence from the Abstract "that is relevant to this case."

driver's license had been revoked for Operating a Vehicle under the Influence of an Intoxicant ("OVUII"). The Notice provided evidence that after Ikeda's OVUII arrest on February 18, 2008, Ikeda had surrendered his driver's license; he knew that he had a temporary license to drive that was only valid for thirty days; he knew that proceedings to revoke his driver's licence for OVUII had been initiated before the Administrative Driver's License Revocation Office ("ADLRO"); and he knew that if the ADLRO revoked his license, his temporary privilege to drive would terminate in thirty days on March 19, 2008.

D.

1.

There was sufficient evidence to support the District Court's finding that Ikeda acted recklessly in driving his vehicle on March 6, 2009, while his license was revoked for OVUII.

In finding Ikeda guilty, the District Court explained:

> THE COURT: . . . The state of mind that's required here is recklessness. The evidence is quite clear on February 18, 2008 you were arrested for [driving under the influence].
>
> THE DEFENDANT: Correct.
>
> THE COURT: And the officer read to you the administrative driver's license revocation form, and that form indicates that you had a temporary permit for 30 days and that the revocation would take place after that 30 days. You therefore knew that after the 30 days expired that if the driver's license revocation office revoked your license, you would not have a license at all. You knew that you did not have a license at the time you drove. You therefore acted recklessly with respect to whether your license was revoked by the driver's license revocation office at the time you were operating a vehicle.
>
> There's no evidence that you had actual knowledge that your license was revoked at that time. I suspect you had such knowledge, but there is no evidence of that. But certainly there's evidence that you acted recklessly with respect to that. And therefore I find you guilty of that offense.

2.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution. State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (block quote format and citation omitted).

3.

The State presented the following evidence at trial. Ikeda was arrested on February 18, 2008, for OVUII. As the result of his OVUII arrest, Ikeda was required to surrender his driver's license to the arresting officer. On February 18, 2008, Ikeda was issued the Notice, which advised him that "[i]f the [ADLRO] administratively revokes [his] license and privileges," his license and privilege to operate a vehicle in the State of Hawai'i would terminate thirty days after the Notice was issued. The Notice also advised Ikeda that the Notice served as a temporary permit that allowed him to operate a vehicle for thirty days.

As established by Ikeda's Abstract, the ADLRO administratively revoked Ikeda's driver's license for a period of one year, from March 20, 2008, to March 19, 2009. In addition, Ikeda was charged on February 19, 2008, with OVUII based on his February 18, 2008, arrest, and Ikeda participated in numerous proceedings in that case which eventually culminated in his plea of no contest on March 16, 2009. Ikeda's Abstract further showed that previously in March 2006, the ADLRO had administratively revoked Ikeda's driver's license after an arrest for OVUII and that in August 2006, Ikeda had been convicted of driving without a valid driver's license.[3]

---

[3] Ikeda's 2006 conviction for driving without a valid driver's license had been pursuant to HRS § 286-102 (2007), and not HRS § 291E-62.

On March 6, 2009, Ikeda was driving a vehicle and was stopped by the police for disregarding a stop sign. When asked to produce his driver's license and other paperwork, Ikeda told the officer that he "did not have his driver's license."

4.

HRS § 286-116 (2007) requires that when operating a motor vehicle, "[e]very licensee shall have a valid driver's license in the licensee's immediate possession at all times . . . and shall display the same upon demand of a police officer." In light of Ikeda's prior administrative license revocation by the ADLRO in 2006, he was subject to a minimum one-year license revocation for his February 18, 2008, OVUII arrest. See HRS § 291E-41(b)(3) (2007).

5.

When viewed in the light most favorable to the State, there was sufficient evidence to support Ikeda's conviction. When he was stopped by the police on March 6, 2009, Ikeda knew he did not have a valid driver's license in his possession. Ikeda had surrendered his license to the police after his OVUII arrest on February 18, 2008, and his temporary permit expired on March 19, 2008. Ikeda knew that as the result of his February 18, 2008, OVUII arrest, the matter of his license revocation had been submitted to the ADLRO and that a revocation by the ADLRO would terminate his license and privilege to drive. The ADLRO, in fact, had revoked Ikeda's license for one year, and Ikeda's license remained revoked when he drove on March 6, 2009. Ikeda also knew that the State was pursuing the OVUII charge arising out of his February 18, 2008, arrest and that the charge had not been dismissed. The evidence further shows that Ikeda had prior experience with respect to administrative license revocation and driving without a valid license, as his license had previously been administratively revoked and he had a prior conviction for driving without a valid license.

Under the circumstances of this case, Ikeda had a duty to inquire about the status of his license before driving his

5

vehicle.   We conclude that there was sufficient evidence that when Ikeda chose to drive his vehicle on March 6, 2009, without a valid license in his possession, he acted recklessly in that he "consciously disregard[ed] a substantial and unjustifiable risk" that his driver's license, at that time, was revoked for OVUII. See HRS § 702-206(3)(b) (1993) (defining the term "recklessly").

II.

The June 5, 2009, Judgment of the District Court is affirmed.

DATED: Honolulu, Hawai'i, March 16, 2011.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu

*Craig H. Nakamura*
Chief Judge

*Alexa D. M. Fujise*
Associate Judge

<u>DISSENTING OPINION BY REIFURTH, J.</u>

I respectfully dissent.  I believe that the State failed to prove that Defendant-Appellant Adam Ikeda ("Ikeda") acted intentionally, knowingly, or recklessly in driving his vehicle on March 6, 2009, while his license was revoked for operating a motor vehicle under the influence of an intoxicant ("OVUII") in violation of section 291E-62(a)(1) or (a)(2) (2007), Hawaii Revised Statutes ("HRS").  Consequently, I would reverse.

I.   Hawaiʻi's Administrative Driver's License Revocation Process

The administrative revocation process that underlies Ikeda's prosecution was initiated on February 18, 2008, when Ikeda was arrested for OVUII, charged, and provided a Notice of Administrative Revocation ("Initial Notice").

Under the law, "[i]f the [Administrative Driver's License Revocation Office ("ADLRO")] director [subsequently] revokes the respondent's license . . . the director shall mail a written review decision to the respondent[.]"  HAW. REV. STAT. § 291E-37(g) (2007).  The written review decision ("WRD") shall:

(1)   State the reasons for the administrative revocation;
(2)   Indicate that the respondent has six days from the date the decision is mailed to request an administrative hearing to review the director's decision;
(3)   Explain the procedure by which to request an administrative hearing;
(4)   Be accompanied by a form, postage prepaid, that the respondent may fill out and mail in order to request an administrative hearing;
(5)   Inform the respondent of the right to review and copy all documents considered at the review, including the arrest report and the sworn statements of law enforcement officers or other persons, prior to the hearing; and
(6)   State that the respondent may be represented by counsel at the hearing, submit evidence, give testimony, and present and cross-examine witnesses, including the arresting law enforcement officer.

*Id.*  In addition, the period and any conditions of any revocation are to be stated in the WRD.  HAW. REV. STAT. § 291E-37(h) (2007).

Mailing the WRD to the respondent is a fundamental component of the administrative revocation process because it provides notice of the revocation period, and because it triggers the respondent's right to request administrative review of the decision.  HAW. REV. STAT. § 291E-38(a) (2007).  Failure to

request review of the decision within six days causes the revocation to take effect. HAW. REV. STAT. § 291E-37(h). Furthermore, "[u]nless an administrative revocation is reversed . . . administrative revocation shall become effective on the day specified in the [Initial Notice]." HAW. REV. STAT. § 291E-41(a) (2007).

II. Driving Without A License As Satisfying The Intent Requirement Under HRS § 291E-62(a)

The issue in this case was joined on April 6, 2009, when the District Court permitted the State to amend the charge from a violation of HRS § 286-132 (2007) to a violation of HRS § 291E-62(a). Under HRS § 286-132, Ikeda had faced a fine of not more than $1,000, imprisonment of not more than thirty days, or both. Under HRS § 291E-62(a), Ikeda now faced a fine of not more than $1,000 (but no less than $250), imprisonment of not more than thirty days (but no less than three days), and revocation of his driver's license for an additional year.

In order to prevail under HRS § 291E-62(a), the State needed to establish that Ikeda acted intentionally, knowingly or recklessly as to each element of the charge, including the fact of his prior revocation.[1] State v. Vliet, 95 Hawai'i 94, 99, 19 P.3d 42, 47 (2001). The specific issue in the case is the fact that nothing in the record establishes that the State mailed a WRD to Ikeda with regard to the February 18, 2008 incident. As a result, there is no evidence that notice of the revocation was ever provided to Ikeda, that Ikeda was aware of the revocation, or that he was ever in a position to exercise his right to an administrative review hearing.

Unable to find that Ikeda acted knowingly or intentionally with regard to the administrative revocation, the District Court found that Ikeda acted recklessly in driving without a license. On that basis, the District Court found the requisite intent concerning his driving while his license was revoked for OVUII, and found Ikeda guilty under HRS § 291E-62(a).

---

[1] Ikeda was not charged with driving without a license under HRS § 286-102 (2007), which would not require proof of state of mind with regard to any prior revocation.

As explained in the colloquy between the District Court and Ikeda referred to by the majority (slip op. at 3), the District Court relied on the fact that Ikeda knew that (1) *if* the ADLRO revoked his license, he would not have a license, and (2) he did not have a license at the time that he drove on March 6, 2009, to establish that Ikeda acted recklessly with respect to the issue of whether his license was and remained revoked on March 6, 2009.

The fact that the administrative revocation process had been initiated establishes very little since the ADLRO director had the authority to determine that revocation was unwarranted.[2] In addition, any revocation period was indeterminate.[3] Consequently, the District Court's finding of recklessness rests heavily on the singular fact that Ikeda drove without a license. The effect is to create an irrebuttable inference that anyone who drives without a license following the initiation of an administrative revocation process against them proceeds recklessly with regard to the actual status of that process, irrespective of any notice received from the State.

The fact that Ikeda, on March 6, 2009, knowingly drove his vehicle without a license in his possession made him guilty of violating HRS § 286-116 (2007) (driving without a license in one's possession). The fact that Ikeda surrendered his license on March 6, 2008, and the Abstract establishes that the ADLRO subsequently administratively revoked his license suggests that he may also have been guilty of violating HRS § 286-102 (2007) (driving without a license). It does not, however, mean that he was guilty of violating HRS § 291E-62(a).

A violation of HRS § 291E-62(a) requires more; it requires that Ikeda knowingly, intentionally or recklessly drove

---

[2]     The director automatically shall review the issuance of a notice of administrative revocation and shall issue a written decision administratively revoking the license and privilege to operate a vehicle, and motor vehicle registration if applicable, *or rescinding the notice of administrative revocation.*

HAW. REV. STAT. § 291E-37(a) (2007) (emphasis added).

[3]     Revocation periods vary depending on prior alcohol/drug enforcement contacts, whether the driver is "highly intoxicated," the age of the respondent, and the ADLRO Director's discretion to select the specific period within the legislatively-prescribed minimums and maximums. HAW. REV. STAT. § 291E-41(b) (2007).

while his license was revoked for OVUII. *Vliet*, *supra*. It would be remarkable if the second additional condition could be met merely by establishing the first. Driving without a license (HRS § 286-102) is not a lesser included offense of driving while license is suspended or revoked (HRS § 286-132). *State v. Matautia*, 81 Hawaiʻi 76, 83, 912 P.2d 573, 580 (App. 1996). Consequently, neither is it a lesser included offense of the even-more-specific offense of violating HRS § 291E-62(a).

The State elected to proceed under HRS § 291E-62(a), but could produce no evidence that it mailed the WRD or provided the requisite notice or opportunity for review. Merely driving without a license thirteen months thereafter does not establish that the defendant intentionally, knowingly or recklessly intended to drive while his license was revoked for OVUII.

## III. Failing To Inquire Of The ADLRO As Satisfying The Intent Requirement Under HRS § 291E-62(a)

The District Court also appears to create a duty of inquiry on the part of anyone driving after an administrative revocation process has been initiated against them.[4] The majority agrees, and concludes that, "[u]nder the circumstances of this case, Ikeda had a duty to inquire about the status of his license before driving his vehicle."[5]

---

[4]    In a colloquy with Ikeda's counsel during the post-trial sentencing phase, the Court explained the need to inquire:

> [Defense Counsel]: Well, recklessness of that, Your Honor. I think there's a big difference and not having a license, and they have no --
>
> THE COURT: Our Supreme Court says that that is evidence of recklessness.
>
> [Defense Counsel]: Okay.
>
> THE COURT: When you know it's going to be revoked, you know you don't have it, *[and] you don't inquire*.
>
> [Defense Counsel]: Well, no.
>
> THE COURT: That's acting recklessly.

(Emphasis added.)

[5]    The only evidence (albeit unsworn) on the question was provided by Ikeda, expressed directly to the District Court during the sentencing phase of the trial:

This court has previously considered the availability of inquiry and its effect in a similar case. In *State v. Lioen*, 106 Hawai'i 123, 102 P.3d 367 (App. 2004), we observed that the defendant would have learned that his license remained administratively revoked if he had inquired and, in part thereon, concluded that the defendant had demonstrated a "conscious disregard of the risk that his license remained revoked." *Id.* at 132, 102 P.3d at 376.

Contrary to the facts in *Lioen*, however, there is no evidence here that Ikeda's license had been revoked in open court, or that the ADLRO was able to produce evidence that it had sent two notices of lifetime revocations to the defendant's last known address. There were substantial reasons in *Lioen* to believe that the defendant had actual knowledge that his license had been revoked. Establishing recklessness on the basis of a defendant's failure to inquire undermines the burden of proof, presently imposed on the State to demonstrate that the defendant acted with the requisite intent.

The law explicitly requires that the State notify the defendant of any administrative license revocation. HAW. REV. STAT. § 291E-37(g). If a defendant must inquire or be deemed reckless, then the State's obligation is a hollow one.

IV. Conclusion

The State holds all the cards in determining whether it will proceed under HRS § 286-102, § 286-116, § 286-132 or § 291E-62. If the State seeks enhanced penalties under HRS § 291E-62, it must be held to its burden of proof and not be permitted to pass the responsibility to the defendant. To succeed, the State

---

[Ikeda]: So -- and then also I called -- I called the State asking like for information about my case because I just -- I just didn't know on my behalf about if I have a license or not because they took it away. . . .

. . . .

[Ikeda]: It was a year over that -- over that date. And I don't know how the court works. I don't know how ADLRO works, you know. I deal with them before. I made some calls. No one answered me. They transfer, transfer, transfer, transfer, you know.

need only to provide evidence that it has provided notice of the administrative proceedings and opportunities required by the law. Failing that, it can proceed under one of the less onerous alternatives.

The test on appeal is whether, considering the evidence in the strongest light for the prosecution, substantial evidence supports the trial court's conclusion. *State v. Matavale*, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007). To the extent that the District Court finds Ikeda reckless for not having inquired of the status of his thirteen-month-old administrative proceeding, I would reverse the Judgment as inconsistent with the State's burden to establish the defendant's intent, and unsupported by any substantial evidence. To the extent that the District Court otherwise relies primarily on the fact that Ikeda did not have his license when he drove as establishing his recklessness for purposes of HRS § 291E-62(a), I would also reverse as I do not believe that the State can prevail on an enhanced statute (HRS § 291E-62(a)) on the sole basis of the defendant's guilt on an un-charged lesser statute (HRS § 286-102).

In sum, the evidence is insufficient to establish that the State satisfied its obligations to Ikeda or that Ikeda acted recklessly. As a result, I would conclude that the facts are insufficient to establish that Ikeda was reckless under HRS § 291E-62(a) in driving almost thirteen months after his arrest for OVUII, and I would reverse the Judgment.

Lawrence M. Reifurth

6